# CITY OF CLINTON

## v.

## TOWN OF CLINTONIA.

ROAD TAX COLLECTED WITHIN A VILLAGE—TO BE PAID TO VILLAGE TREASURER.—The tax for road and bridge purposes levied and collected within the corporate limits of a village, under the provisions of the second clause of section 81, of the road law of 1877, should be paid over to the treasurer of such village, instead of to the treasurer of the commissioners of highways of the town.

APPEAL from the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. FULLER & MONSON, for appellant; that the tax should be paid over to the city treasurer, cited Laws of 1877, § 81; Rev. Stat. 1874, 916, § 16; Rev. Stat. 1874, 932, §§ 120–125; Baird v. The People, 83 Ill. 387; City of Galena v. Com'rs of Highways, 2 Bradwell, 255.

Messrs. DONAHUE & LEMON, for appellee; cited Laws of 1877, § 81.

PER CURIAM. This was a bill of interpleader exhibited by Orlando P. Wilson, tax collector of the town of Clintonia, against the city of Clinton and town of Clintonia, on the 8th day of March, A. D. 1878, praying that they interplead and settle and adjust between themselves certain differences in relation to certain road and bridge tax collected by the said Orlando P. Wilson, tax collector.

The report of the master shows that the collector of the town of Clintonia had collected personal and real estate tax within the city of Clinton to the amount of the sum reported by the collector. The court below ordered the county treasurer, in whose hands the money had been placed, by interlocutory decree, to pay over all the money collected within the limits of the city of Clinton for road and bridge purposes to the treasurer of the commissioners of highways of the town of Clintonia. From this decree the city of Clinton prosecutes an appeal to this court, and assigns for error such decree. This money was collected under the provisions of the second clause of section 81, statute of 1877, concerning roads and bridges. Are the commissioners of highways of the town of Clintonia or the city of Clinton entitled to this money? The same question involved in this case was decided by this court in the case of Cyrus McFarland et al. v. The People, who sue for the use of the town of Rantoul at the present term, (2 Bradwell 615) and we here adopt the opinion expressed in that case as the opinion in this, so far as the principles and reasons therefor are there announced. We there decided that such tax collected belonged to the corporate authorities of the village of Rantoul. So in this case, under the provisions of the statute under which this tax was collected, this money belongs to the city of Clinton, and the court below should have ordered the county treasurer to pay the money over to the treasurer of the city of Clinton, instead of the commissioners of highways of the town of Clintonia. For this error the decree of the court below is reversed and the cause remanded, with directions to the court below to proceed in accordance with this opinion.

Reversed and remanded.